**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| MICHAEL FOREMAN, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBALPUNDITS TECHNOLOGY CONSULTANCY, INC.,<br><br>    Defendant. | Case No.  3:26-cv-256-JFA<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Michael Foreman (Foreman) brings this collective action to recover unpaid wages and other damages from Globalpundits Technology Consultancy, Inc. (Globalpundits).

2. Globalpundits employed Foreman as one of its Straight Time Employees (defined below).

3. Globalpundits pays its Straight Time Employees by the hour.

4. The Straight Time Employees regularly work more than 40 hours a week.

5. But Globalpundits does not pay Foreman and its other Straight Time Employees overtime wages.

6. Instead, Globalpundits pays them the same hourly rate for all hours worked, including hours worked after 40 in a workweek (Globalpundits's "straight time for overtime pay scheme").

7. Globalpundits's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) by depriving Foreman and the other Straight Time Employees of "time and a half" overtime wages they are owed for hours worked over 40 in a workweek.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court has general personal jurisdiction over Globalpundits because Globalpundits maintains its principal place of business in South Carolina.

10. Venue is proper because Globalpundits maintains its principal place of business in Lexington County, South Carolina, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

11. Foreman worked for Globalpundits as a computer aided designer (CAD) from approximately June 2025 through September 2025.

12. Throughout his employment, Globalpundits paid Foreman under its straight time for overtime pay scheme.

13. Foreman's written consent is attached as **Exhibit 1**.

14. Foreman brings this collective action on behalf of himself and similarly situated current or former Globalpundits employees.

15. The putative Collective is defined as:

> **All hourly employees who Globalpundits paid in accordance with its straight time for overtime pay scheme during the past three years ("Straight Time Employees").**

16. Globalpundits is a South Carolina corporation.

17. Globalpundits can be served through its registered agent: **Manoj Devulapalli, 927 S. Main St., New Ellenton, South Carolina 29809**.

## FLSA Coverage

18. At all relevant times, Globalpundits was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

19. At all relevant times, Globalpundits was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

20. At all relevant times, Globalpundits was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, pens, and pencils—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

21. At all relevant times, Globalpundits has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

22. At all relevant times, Foreman and the other Straight Time Employees were Globalpundits' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

23. At all relevant times, Foreman and the other Straight Time Employees were engaged in commerce or in the production of goods for commerce.

## Facts

24. Globalpundits is "a staffing firm with specialized expertise in ERP applications and technologies."[1]

---

[1] https://www.globalpundits.com/ (last visited January 7, 2025).

25. To meet its business objectives, Globalpundits hires workers, like Foreman and the other Straight Time Employees, to provide its IT and engineering consulting.

26. For example, Foreman worked for Globalpundits as a CAD designer from approximately June 2025 through September 2025.

27. Foreman's primary job duties included updating 2D images using AutoCAD software in accordance with instructions pertaining to each, assigned image.

28. Foreman was Globalpundits' hourly employee.

29. Globalpundits paid Foreman approximately $70 an hour.

30. Foreman reported his "on the clock" hours to Globalpundits.

31. Globalpundits' records reflect the hours Foreman reported each week.

32. Foreman regularly worked more than 40 hours a week for Globalpundits.

33. Foreman typically worked approximately 10 to 12 hours a day, 5 to 6 days a week (50 to 60 hours in a workweek).

34. Despite knowing Foreman regularly worked more than 40 in a workweek, Globalpundits did not pay him overtime wages for these hours.

35. Instead, Globalpundits paid him the same hourly wage for all hours worked under its straight time for overtime pay scheme.

36. For example, during the two-week pay period ending August 30, 2025, Foreman worked 116 hours.

37. But instead of paying him true overtime, Globalpundits paid him the same $70 an hour for all hours worked:

4

**Earnings Statement**                                                            FOREMAN, MICHAEL JOHN

Pay Date:     09/05/2025     Company: 11G17 - GLOBALPUNDITS TECHNOLOGY                 Emp #: A0OZ
Period Start: 08/17/2025     4715 D SUNSET BOULEVARD                                   Dept: GP - Corporate Overhead
Period End:   08/30/2025     LEXINGTON SC 29072  (803) 354-9400                        Pay Basis: Hourly

| Earnings | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|
| Regular | 70.00 | 116.00 | 8120.00 | 31570.00 |
| **Gross Pay** | | 116.00 | 8120.00 | 31570.00 |

38. Globalpundits' straight time for overtime pay scheme did not pay Foreman at least 1.5 times his regular rate of pay, based on all remuneration, for hours worked over 40 in a workweek.

39. Globalpundits pays its other Straight Time Employees under the same or similar straight time for overtime pay scheme it imposed on Foreman.

40. Like Foreman, Globalpundits pays its other Straight Time Employees by the hour.

41. And Globalpundits requires them to report their "on the clock" hours to Globalpundits.

42. Thus, just as Globalpundits maintains records of the hours Foreman reported, it also maintains records of the hours reported by the other Straight Time Employees.

43. Globalpundits's records show the Straight Time Employees, like Foreman, regularly work more than 40 hours in a workweek.

44. Every Straight Time Employee worked more than 40 hours in at least one workweek during the relevant period.

45. Indeed, like Foreman, the Straight Time Employees typically work approximately 50 to 60 hours in a workweek.

46. Despite knowing that Straight Time Employees regularly work overtime, Globalpundits does not pay them overtime wages.

47. Instead, Globalpundits pays them the same hourly rate for all hours worked, including hours worked in excess of 40 in a workweek, in willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

48. Like Foreman, the other Straight Time Employees are victimized by Globalpundits' straight time for overtime pay scheme.

49. Other Straight Time Employees who worked with Foreman indicated that they were paid in the same or similar manner under Globalpundits' straight time for overtime pay scheme.

50. Based on his experience with Globalpundits, Foreman is aware Globalpundits' straight time for overtime pay scheme was imposed on other Straight Time Employees.

51. The Straight Time Employees are similarly situated in the most relevant respects.

52. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages.

53. Therefore, the specific job titles or locations of the Straight Time Employees do not prevent collective treatment.

54. Rather, Globalpundits' straight time for overtime pay scheme renders the Straight Time Employees similarly situated for the purpose of determining their right to overtime pay.

55. Globalpundits' records reflect the number of hours the Straight Time Employees recorded working "on the clock" each week.

56. Globalpundits' records also show it paid the Straight Time Employees "straight time," instead of "time and a half," for overtime hours.

57. The back wages owed to the Straight Time Employees can therefore be calculated using the same formula applied to the same records.

58. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Globalpundits' records, and there is no detraction from the common nucleus of liability facts.

59. Therefore, the issue of damages does not preclude collective treatment.

60. Foreman's experiences are typical of the experiences of the other Straight Time Employees.

61. Foreman has no interest contrary to, or in conflict with, the Straight Time Employees that would prevent collective treatment.

62. Foreman has an interest in obtaining the unpaid wages owed to the Straight Time Employees under federal law.

63. Foreman and his counsel will fairly and adequately protect the interests of the Straight Time Employees.

64. Indeed, Foreman retained counsel with significant experience handling complex collective action litigation.

65. A collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

66. Absent this collective action, many Straight Time Employees will not obtain redress for their injuries, and Globalpundits will reap the unjust benefits of violating the FLSA.

67. Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome on the judicial system.

68. Indeed, the multiplicity of actions would create hardship to the Straight Time Employees, the Court, and Globalpundits.

69. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

70. As part of its regular business practices, Globalpundits intentionally, willfully, and repeatedly violated the FLSA with respect to Foreman and the other Straight Time Employees.

71. Globalpundits' straight time for overtime pay scheme deprived Foreman and the other Straight Time Employees of the overtime wages they are owed under federal law.

72. There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

73. The Straight Time Employees are known to Globalpundits and are readily identifiable through Globalpundits' business and personnel records.

### GLOBALPUNDITS' VIOLATIONS WERE WILLFUL

74. Globalpundits knew it was subject to the FLSA's overtime provisions.

75. Globalpundits knew it controlled the Straight Time Employees' rates of pay.

76. Globalpundits knew it controlled the Straight Time Employees' method of pay.

77. Globalpundits knew the FLSA required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

78. Globalpundits knew Foreman and the other Straight Time Employees worked more than 40 hours in at least one workweek during the relevant period because it required them to do so and report their hours.

79. Globalpundits knew its Straight Time Employees were hourly employees.

80. Globalpundits knew it paid its Straight Time Employees straight time for overtime.

81. Globalpundits' failure to pay Foreman and its other Straight Time Employees required overtime wages was neither reasonable, nor was its decision not to pay these non-exempt employees overtime wages made in good faith.

82. Globalpundits knew, should have known, or showed reckless disregard for whether its conduct violated the FLSA.

83. Globalpundits knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived Foreman and the other Straight Time Employees of overtime wages, in willful violation of the FLSA.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

84. Foreman brings his FLSA claims as a collective action on behalf of himself and the other Straight Time Employees.

85. Globalpundits violated the FLSA by employing Foreman and the other Straight Time Employees in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages of at least 1.5 times their regular rates of pay, based on all remuneration, for all hours worked after 40 in a workweek.

86. Globalpundits' unlawful conduct harmed Foreman and the other Straight Time Employees by depriving them of the overtime wages they are owed.

87. Accordingly, Globalpundits owes Foreman and the other Straight Time Employees the difference between the wages actually paid and the overtime wages actually earned.

88. Because Globalpundits knew or showed reckless disregard for whether its straight time for overtime pay scheme violated the FLSA, Globalpundits owes these wages for at least the past 3 years.

89. Globalpundits is also liable to Foreman and the other Straight Time Employees for an additional amount equal to all their unpaid wages as liquidated damages.

90. Finally, Foreman and the other Straight Time Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

91. Foreman demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Foreman, individually and on behalf of the other Straight Time Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the Straight Time Employees allowing them to join this action by filing a written notice of consent;

b. An Order finding Globalpundits liable to Foreman and the other Straight Time Employees for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

c. A Judgment against Globalpundits awarding Foreman and the other Straight Time Employees all their unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Dated: January 26, 2026

Respectfully submitted,

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**

By: */s/T. Christopher Tuck*
T. Christopher Tuck
SC No. 16891
Federal I.D. No. 9135
T.A.C. Hargrove, II
SC No. 102728
Federal I.D. No. 12487
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, South Carolina 29465
Phone: (843) 727-6500
Fax: (843) 216-6509
ctuck@rpwb.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR FOREMAN & THE STRAIGHT TIME EMPLOYEES**